FILED
SUPERIOR COURT
OF GUAM

2024 MAR -8 PM 1:46

CLERK OF COURT

BY: _____ (M) _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>                         Plaintiff,<br><br>      v.<br><br>**GINO TEDTAOTAO MUARELUK**<br>(*aka* **GINO MUARELUK**)<br>(*aka* **GINO TEDTAOTAO**)<br>(*aka* **G**),<br>DOB: 09/20/1994<br><br>                    Defendant. | **Criminal Case No. CF0747-22**<br>GPD Report Nos. 22-33186 / 22-33197<br>**Criminal Case No. CF0327-23**<br>GPD Report No. 23-06424<br>**Criminal Case No. CF0122-22**<br>GPD Report Nos. 21-26922 / 22-02292<br>**Criminal Case No. CM0429-21**<br>GPD Report Nos. 21-27451 / 21-27452<br>**Criminal Case No. CM0384-21**<br>GPD Report No. 21-24053<br>**Criminal Case No. CM0395-22**<br>GPD Report No. 22-29134<br><br>**DECISION AND ORDER GRANTING REVOCATION OF PROBATION** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 18, 2024 for hearing on the People of Guam's Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). Gino Tedtaotao Muareluk (*aka* Gino Muareluk) (*aka* Gino Tedtaotao) (*aka* G) ("Defendant") was represented by Assistant Public Defender William Jones and Alternate Public Defender Tyler Scott. The People of Guam were represented by Assistant Attorney General Grant Olan. During the hearing, the Court took the matter under advisement, and now issues this written decision memorializing its ruling.

## BACKGROUND

On May 4, 2022, Defendant pled guilty to Terrorizing (as a 3rd Degree Felony), Family Violence (as a Misdemeanor), Criminal Mischief (as a Misdemeanor), and seven counts of

CF0747-22, CF0327-23, CF0122-22, CM0429-21, CM0384-21, & CM0395-22 *People v. Gino Tedtaotao Muareluk*

Violation of a Court Order (as a Misdemeanor) in CF0122-22; Criminal Mischief (as a Misdemeanor) and Assault (as a Misdemeanor) in CM0429-21; and Family Violence (as a Misdemeanor) and Criminal Trespass (as a Petty Misdemeanor) in CM0384-21. See CF0122-22, CM0429-21, & CM0384-21 Judgment of Conviction (May 24, 2022). A judgment was entered imposing the following relevant conditions of probation.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Id.

The following month, Defendant received a Violation Report indicating that he had been arrested in CF0428-22 and charged with multiple felonies. See Violation Report (Jun. 22, 2022). The report also indicates that the alleged victim in CF0428-22 is Terin Muareluk, who Defendant was ordered to refrain from harassing or harming. Id.

Defendant received another Violation Report in November 2022 after he was arrested in CM0395-22. See Violation Report (Nov. 16, 2022). Defendant ultimately pled guilty and was convicted of Criminal Trespass (as a Misdemeanor) and Harassment (as a Petty Misdemeanor). See CM0395-22 Judgment of Conviction (Jun. 6, 2023). Pursuant to Defendant's plea, the following relevant conditions of probation were imposed:

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Id.

Defendant received another Violation Report in December 2022 after he was arrested in CF0747-22. See Violation Report (Dec. 30, 2022). Defendant ultimately pled guilty and was convicted of Criminal Trespass (as a Misdemeanor), Criminal Mischief (as a Misdemeanor), and Harassment (as a Petty Misdemeanor). See CF0747-22 Judgment of Conviction (Apr. 21, 2023). Pursuant to Defendant's plea, the following relevant conditions of probation were imposed:

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Id.

Defendant received another Violation Report in May 2023 after he was arrested in CF0327-23. See Violation Report (May 10, 2023). Defendant ultimately pled guilty and was convicted of Assault (as a Misdemeanor) and Violation of a Court Order (as a Misdemeanor). See CF0327-23 Judgment of Conviction (Jul. 17, 2023). Pursuant to Defendant's plea, the following relevant conditions of probation were imposed:

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Id.

Defendant received another Violation Report in August 2023 after he was arrested in CF0496-23, where he currently faces charges of Family Violation (as a 3rd Degree Felony). See Violation Report (Aug. 1, 2023).

The People subsequently filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence. The People base their request on Defendant's repeated failures to obey the laws of Guam. See CF0747-22, CF0327-23, CF0122-22, CM0429-21, & CM0384-21 Motion (Aug. 1, 2023); CM0395-22 Motion (Sep. 1, 2023).

Defendant opposes revocation of probation, arguing he was making good progress on his probationary conditions prior to his latest arrest, and that he will comply with future probation conditions if given another opportunity. See CF0327-23 Opposition to Motion (Aug. 8, 2023); CF0122-22 & CM0384-21 Opposition to Motion (Aug. 14, 2023); CM0429-21 Opposition to Motion (Aug. 15, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. Since originally entering probation in May 2022, Defendant has been arrested and charged in five separate criminal cases. Defendant has also been convicted of criminal wrongdoing in several of those new cases.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating his probation conditions. Defendant has been convicted of seven different criminal offenses since entering probation, and he still faces ongoing felony charges in other cases. Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** Defendant's probation in the above-captioned matters. The Defendant is hereby **SENTENCED** as follows:

- o  In CF0747-22:
    - Defendant is sentenced to **two (2) years and sixty (60) days incarceration** at the Department of Corrections, Mangilao, with credit for time served.
- o  In CF0327-23:
    - Defendant is sentenced to **two (2) years incarceration** at the Department of Corrections, Mangilao, with credit for time served.
- o  In CF0122-22, CM0429-21, and CM0384-21:
    - Defendant is sentenced to **three (3) years incarceration** at the Department of Corrections, Mangilao, with credit for time served.
- o  In CM0395-22:
    - Defendant is sentenced to **one (1) year incarceration** at the Department of Corrections, Mangilao, with credit for time served.

The periods of incarceration set forth above shall run **consecutive** to one another. Defendant shall be credited for any time already served in the above-captioned matters. After the completion of the Defendant's sentence the Court shall close these cases.

**IT IS SO ORDERED** on this    March 8, 2024

_____

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**